[Civ. No. 14. Second Appellate District.—April 9, 1906.]

## W. H. VAN LEUVEN, Respondent, v. A. B. VAN LEUVEN, Appellant.

SPECIFIC PERFORMANCE—ACTION BY VENDOR—REFORMATION OF CONTRACT OF SALE—MISTAKE—OMISSION OF PROMISE TO PAY—SUPPORT OF FINDING.—In an action by a vendor to reform a contract for the sale of his interest in land purchased by the defendant, by inserting a promise to pay the purchase money, which was omitted by mistake and to enforce specific performance of the agreement as reformed, a finding of such mistake is sustained by proof that the purpose of the agreement was to effect a settlement between quarreling brothers by the defendant buying out and paying off the amount that plaintiff had invested in the land; and that the omission to insert an agreement to pay such amount cannot be accounted for on any other theory consistent with the evidence than a mistake and oversight of all concerned in the preparation of the contract.

ID.—ADMISSION OF PLAINTIFFS' INTEREST IN THE LAND.—The fact that plaintiff had an interest in the land to the extent of the sum belonging to him, which had gone into the purchase of it, was ad-

mitted by defendant becoming a party to the contract of plaintiff to sell it to him.

ID.—IDENTIFICATION OF EXHIBIT NOT ADMITTED—ABSENCE OF EXCEPTION—REVIEW UPON APPEAL.—A ruling of the court. permitting an exhibit to be marked for identification which was not admitted in evidence, and to which no exception was taken, is not a subject for review upon appeal.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Henry M. Willis, for Appellant.

Frank Prescott, and Prescott & Morris, for Respondent.

GRAY, P. J.—This action is brought by one brother against another to reform a written contract of a sale of an interest in real estate so as to make it also an agreement to purchase on the part of the defendant, and to enforce performance of said agreement to purchase. The findings and judgment are in plaintiff's favor, and the defendant appeals from the judgment and from an order denying him a new trial.

1. The court found, in substance, that it was agreed by defendant to pay plaintiff $325 on or before the fourteenth day of November, 1903, in consideration of the conveyance to defendant by plaintiff of plaintiff's interest in the Whaley place, and that said agreement was omitted from the written agreement through a clerical error and mutual mistake of the parties. Appellant contends that this finding is not supported by the evidence. It appears from the evidence that defendant had originally purchased the Whaley place, paying therefor $1,400 of money he had on hand, $1,700 that he borrowed from the Union Bank, and $325 from and of the plaintiff's money. After this purchase, the brothers quarreled for some weeks and finally entered into negotiations for a business settlement with the view of placing themselves in a position where no further communication between them should be necessary. To show that in the course of these negotiations the defendant agreed to buy plaintiff's interest and pay him

this $325 for it, much evidence, oral and written, was introduced. C. E. Truesdell, one of the lawyers who had a hand in the settlement, and drew up the contract, testified, among other things, ''What I want the court to understand is, of a conversation that was had there that A. B. Van Leuven was to purchase W. H.'s interest in the Whaley place; it must have been left out of the contract by an oversight on Mr. Prescott's and my part.'' It is needless to go into all the evidence on this subject. It is sufficient to say that the very purpose of the agreement and of the negotiations for the agreement was to effect a settlement and segregation between these quarreling brothers, and this could not be done without the defendant buying out his brother and paying off this $325 that the latter had in the land. It was the clear intent and purpose of the parties that this should be done, and it is plain from the evidence that defendant intended that it should be done, and that the contract which was to be formally prepared and signed should accomplish that purpose. The omission of this most essential part of their agreement cannot be accounted for on any other theory, consistent with the evidence, than on that of a mistake and oversight on the part of all concerned in the preparation of the written contract. The finding has ample support in the evidence.

2. There can be no reasonable question that plaintiff was interested in the land to the extent of $325 of his money which had gone into the purchase of it. Plaintiff's interest in the land is admitted by defendant's becoming a party to the contract of sale. The finding of such interest is supported by the evidence.

3. As to appellant's complaint concerning Exhibit ''L-1,'' there was no ruling of the court, except that it might be marked for identification; it was not admitted in evidence; nor was there any exception taken by appellant to any action of the court in connection with this exhibit. There is, therefore, nothing concerning it that this court can review.

The judgment and order appealed from are affirmed.

Smith, J., and Allen, J., concurred.